Richard E. Ayres
Jessica L. Olson
John H. Bernetich
AYRES LAW GROUP LLP
1707 L Street NW, Suite 850
Washington, DC 20036
T: (202) 452-9200 / F: (202) 872-7739
ayresr@ayreslawgroup.com
olsonj@ayreslawgroup.com
bernetichj@ayreslawgroup.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS, FRIENDS OF THE EARTH,<br><br>        *Plaintiffs,*<br><br>        v.<br><br>JEWELL, *et al.*,<br><br>        *Defendants.* | **Case No. 14-cv-1993-RBW** |

**PLAINTIFFS' RESPONSE TO STATE OF WYOMING'S MOTION TO INTERVENE**

**Introduction**

      The State of Wyoming has moved to intervene in this case as a party-defendant. State of Wyoming's Unopposed Motion to Intervene (January 30, 2015), Dkt. No. 10. Plaintiffs do not oppose Wyoming's request to be granted intervenor status in this proceeding. Plaintiffs request, however, that if the Court grants the motion, it impose certain conditions that would conserve judicial resources and avoid placing an unfair burden on Plaintiffs.

Specifically, Plaintiffs ask that, if Wyoming is permitted to intervene, the Court require Wyoming to (1) confine its arguments to the existing claims in this action and prohibit Wyoming from interjecting new claims or collateral issues; (2) limit its arguments to those which Defendants decline to include in their filings; and (3) limit to 25 pages memoranda of points and authorities filed by Wyoming in support of or in opposition to any motion and limit to 10 pages each reply memorandum.

If another entity files a motion to intervene,[1] Plaintiffs reserve the right to respond to those motions and anticipate that we will request that the Court place additional conditions on all Intervenors, including Wyoming, such as a requirement to submit joint consolidated motions and briefs with any other Intervenors. This Court has found joint briefing necessary to prevent excessive briefing where Intervenors' interests in the case are substantially similar. *See Earthworks v. U.S. Dep't of Interior*, No. 09-1972 (D.D.C. August 3, 2010), Dkt. 41 (order granting motion to intervene on condition that intervenors file jointly) (attached as Exh. 1).

## Argument

The Advisory Committee Notes on the 1966 amendments to Rule 24 of the Federal Rules of Civil Procedure state that "intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment). Since 1966, limiting intervention for reasons of judicial efficiency has become "a firmly established principle" in the federal courts. *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 353 (5th Cir. 1997). Indeed, courts have routinely exercised the authority to impose

---

[1] Counsel for Plaintiffs have been consulted by counsel for two other potential movants concerning our position on each of those entities' contemplated motions to intervene. Given the issues in this proceeding, additional parties may be expected be seek intervenor status, further demonstrating the need for limitations on Intervenors.

2

appropriate conditions on intervenors, both where intervention was by right under Rule 24(a) and permissive under Rule 24(b). *See, e.g., Fund for Animals v. Norton,* 322 F.3d 728, 737 n.11 (D.C. Cir. 2003); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (stating that limitations upon intervention do not constitute a denial of the right to participate); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 537 (1972) (limiting union member's intervention to specific legal claims); *San Juan Cnty. v. United States*, 503 F.3d 1163, 1189 (10th Cir. 2007) (recognizing Rule 24 permits "limitations on the scope of intervention"); *Southern v. Plumb Tools*, 696 F.2d 1321, 1323 (11th Cir. 1983) (noting that "imposing certain conditions on either type of intervention, of right or permissive, poses no problem in the federal courts.").

In the event additional movants seek intervention, the Court should impose conditions to prevent multiple intervenors from complicating these proceedings and making multiple, duplicative presentations. Such conditions have been imposed in cases dealing with multiple proposed intervenors, including states and mining industry representatives as here. In *Earthworks v. U.S. Dep't of Interior*, the District Court granted intervention for multiple intervenors from the mining industry but ordered intervenors "to submit joint motions and memoranda with the existing Intervenors." *Earthworks v. U.S. Dep't of Interior*, No. 09-1972 (D.D.C. August 3, 2010), Dkt. 41 (order granting motion to intervene) (attached as Exh. 1); *see also Kentuckians for the Commonwealth v. Rivenburgh*, 204 F.R.D. 301, 306 (S.D. W.Va. 2001) (granting intervention on the condition that the intervenors "coordinate to avoid duplicative discovery, evidence, argument, pleadings, filings, and memoranda" and stating that "[a]ny departure from this Order will be allowed only after a just cause showing that Intervenors' divergent interests and positions require individual presentation").

Accordingly, in the interest of judicial efficiency and avoiding an undue burden on

Plaintiffs, this Court should limit Wyoming's intervention by requiring the State to (1) refrain from raising claims outside the scope of the Complaint, including new or collateral issues, (2) limit its arguments to those which Defendants decline to include in their filings, and (3) limit to 25 pages any memoranda of points and authorities filed in support of or in opposition to any motion and limit to 10 pages each reply memorandum.

## Conclusion

Plaintiffs do not object to Wyoming's motion to intervene but request that the Court impose on Wyoming the conditions outlined above. These proposed conditions would allow Wyoming sufficient opportunity to assert its interests in this case while aiding the Court in efficient and expeditious resolution of this action. If the Court grants Wyoming's request for intervention, that intervention should be limited to avoid duplicative arguments, pleadings, filings, and memoranda as requested above.

Respectfully submitted this 13th day of February, 2015,

> */s/ Jessica L. Olson*
> Richard E. Ayres (D.C. Bar No. 212621)
> Jessica L. Olson (D.C. Bar No. 497560)
> John H. Bernetich (D.C. Bar No. 1018769)
> AYRES LAW GROUP LLP
> 1707 L Street NW, Suite 850
> Washington, DC 20036
> T: (202) 452-9200 / F: (202) 872-7739
> ayresr@ayreslawgroup.com
> olsonj@ayreslawgroup.com
> bernetichj@ayreslawgroup.com
>
> *Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record, this 13th day of February, 2015.

                                        */s/ Jessica Olson*
                                        Jessica L. Olson
                                        Counsel for Plaintiffs