James Kaste (Wyo. State Bar No. 6-3244)
Michael J. McGrady (Wyo. State Bar No. 6-4099)
Jeremiah I. Williamson (Wyo. State Bar No. 7-4748)
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
(307) 777-6946
(307) 777-3542 *facsimile*
james.kaste@wyo.gov
mike.mcgrady@wyo.gov
jeremiah.williamson@wyo.gov
*Attorneys for Intervenor- Defendant State of Wyoming*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, <br><br> *Plaintiffs*, <br><br> v. <br><br> SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, <br><br> *Defendants*. | Case No. 1:14-cv-01993-RBW |

## STATE OF WYOMING'S RESPONSE TO ORDER TO SHOW CAUSE

The State of Wyoming hereby responds to the Court's Order to Show Cause why the Court should not impose the conditions and limitations set forth in the Plaintiffs' response to the State of Wyoming's Motion to Intervene as follows:

The State of Wyoming, without opposition, was permitted to intervene in these proceedings as a Defendant based on its significant revenue and sovereign interests in the subject of this litigation. Plaintiffs have requested that the Court limit Wyoming's participation in this litigation by requiring the Wyoming to "(1) refrain from raising claims outside the scope of the Complaint, including new or collateral issues, (2) limit its arguments to those which Defendants decline to include in their filings, and (3) limit to 25 pages any memoranda of points and authorities filed in support of or in opposition to any motion and limit to 10 pages each reply memorandum." Pls' Response at 4. Wyoming objects to the second requested limitation, and instead proposes that the Court adopt and impose the conditions and restrictions set forth in Judge Kollar-Kotelly's December 6, 2010, Order in *WildEarth Guardians v. Jewell*, No. 10-cv-1174 (Dkt. #38). A copy of this order is attached hereto as Exhibit A. This order has proven in more than one case to be an effective strategy for streamlining the participation of multiple intervenors without undue restraint.

As an initial matter, Wyoming generally objects to the imposition of any conditions on its participation in this suit. Wyoming's concerns in this matter are primarily sovereign in nature, and therefore, considerably different than the interests of any other potential intervenor. Courts consistently recognize that "states are not normal litigants for the purposes of invoking federal jurisdiction,"

and that states hold a special position in the federal system. *See, e.g., Massachusetts v. EPA*, 549 U.S. 497, 518-19 (2007). As a consequence, many courts specifically exempt states and other governmental entities from joint briefing requirements by rule.[1] While this Court does not have a rule governing joint briefing, the principle that the federal courts should allow sovereigns the opportunity to voice their unique perspectives applies equally in this forum. Moreover, like the federal Defendants in this matter, Wyoming has a substantial bureaucratic process that it must adhere to when it promulgates any brief on an issue of significant state concern. This process includes review by the Attorney General and the Governor or his representative. This process makes joint briefing with any other party very difficult.

In fact, none of the cases Plaintiffs cite in their response to the motion to intervene limited the right of a sovereign state to control its own destiny in litigation in which it intervened as of right. In particular, Plaintiffs cited one order in *Earthworks v. U.S. Department of Interior*, where the Court required two mining associations seeking intervention to file joint motions and briefs with other private mining intervenors because "their interests [were] adequately represented[.]" 09-cv-01972-HHK, Dkt. No. 41 (Aug. 3, 2010). Yet, Plaintiffs neglected to cite or

---

[1] For example, D.C. Cir. R. 28(d)(4) provides that "Intervenors on the same side must join in a single brief to the extent practicable. This requirement does not apply to a governmental entity."

mention that on the same day, the *Earthworks* Court also permitted the State of Alaska to intervene without being required to file joint motions and briefs. *Id*. at Dkt. No. 42 at 3. The Court found that "[b]ecause Alaska's interests in the natural resources within state borders and the economic effects on the state of mining regulation are not necessarily represented by federal agencies or private companies, the Court concludes that Alaska has met it burden of showing that its interests may not be adequately represented." *Id*. at 3. In accordance with this finding, the Court merely required Alaska to consult with the federal-defendants and private intervenor-defendants to ensure the efficient presentation of argument to the Court. *Id*.

In spite of Wyoming's general objection to the imposition of any conditions, Wyoming understands and concedes that the Court may impose conditions on the participation of any party, if doing so will assist the Court and improve judicial economy. *See* Fed. R. Civ. P. 16. Thus, it is commonly acknowledged that "the intervenor is entitled to litigate fully on the merits once intervention has been granted[,]" including moving to dismiss the proceeding and challenging the subject-matter jurisdiction of the court. 7C Charles A. Wright *et al., Federal Practice and Procedure* § 1920 (3rd ed. Elec.2011) (footnotes omitted). However, "[a]n intervention of right ... may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct

of the proceeding." Fed. R. Civ. Pro. 24 notes to 1966 Amendment. Thus, "[w]here other courts have imposed limits on the scope of intervention, the limitations have been purely 'reasonable conditions of a housekeeping nature.'" *Fla. Med. Ass'n, Inc. v. Dept. of Health, Educ. & Welfare*, 2011 WL 4459926 at *5 (M.D. Fla. 2011) (quoting *Columbus–America Discovery Grp. v. Atlantic Mut. Ins. Co.,* 974 F.2d 450, 469 (4th Cir.1992) and citing *Murphy v. Towmotor Corp.,* 642 F. Supp. 22, 24 (N.D. Ill. 1985)).

Limiting Wyoming's participation to only those arguments the Federal Government finds unworthy of making itself and binding the State to the arguments made by the Federal Government whether artfully and persuasively made or not are not "reasonable conditions of a housekeeping nature." These limitations are substantive restrictions on Wyoming's participation tantamount to a denial of the right to intervene and significantly impairing the State's right to procedural due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotations omitted). Wyoming cannot participate in a meaningful manner if limited to the presentation of only those arguments the Federal Government has deemed unworthy and if forced to accept the Federal Government's presentation of any particular issue.

Instead, in cases like this where the Plaintiffs' claims affect the interests of many individuals and entities, courts typically require intervenors to consider whether any of their filings could be consolidated and advise the court if they determine they could not submit a consolidated pleading.  *See, e.g.,* Ex. A; *WildEarth Guardians v. Salazar*, 10-cv-1133, Dkt. #22 at 2 (Sept. 20, 2010) (Where Judge Bates notified the intervenors merely that the court "expects them to submit joint briefs where practicable and, where separate briefs are submitted, to avoid duplicative briefing.").  Importantly, the intervenors make these decisions themselves without regard to the Federal Government's position.  Wyoming has no quarrel with a requirement that it consider whether there are areas of common ground with other intervenors, but it cannot accede to, and the Court should not impose, a requirement that binds the State to the litigation decisions of the Federal Government.  In this regard, Judge Kollar-Kotelly's order, which follows the usual practice, strikes a reasonable balance between the interests of the various intervenors and the Court.

Obviously, Wyoming does not seek to burden the Court with unnecessarily duplicative filings.  But the State must be given the opportunity to make its own decisions about how best to defend its unique interests without being forced to ask for the Federal Government's indulgence.  Moreover, the State fails to see how the Court would benefit from being less than fully informed about this matter.  While

multiple briefs may ask for the same relief, discuss some of the same facts and legal authorities, they are rarely carbon copies of each other, and each usually brings different aspects of the issues to light.  The pending motions to dismiss perfectly demonstrate this point, as they address the same fundamental deficiency in the case, but in different ways.  The varied perspectives and arguments of the intervenors will more than likely be valuable to the Court, and if not, the Court is fully capable of disregarding arguments it finds duplicative.

Although not required to do so pursuant to D.D.C.L.Civ.R. 7(m), undersigned counsel conferred with counsel for all parties and the potential intervenors regarding this request.  The Federal Defendants take no position on the proposed conditions set forth in this response.  The State of North Dakota, like the State of Wyoming, generally objects to any restrictions on its participation in this suit.  *See* N. Dakota's Memo in Support of Motion to Intervene, Doc. 17 at 13.  That said, the State of North Dakota and the Wyoming Mining Association, should they be granted leave to intervene, have agreed to comply with the proposed conditions set forth in this response.  For their part, Plaintiffs did not consent to substituting the conditions proposed in this response.

WHEREFORE the State of Wyoming respectfully requests that in place of the conditions requested by Plaintiffs, the Court impose the conditions and

restrictions set forth in Judge Kollar-Kotelly's December 6, 2010, Order in *WildEarth Guardians v. Jewell*, No. 10-cv-1174 (Dkt. #38).

Submitted this 24th day of February 2015.

/s/ James Kaste
James Kaste (Wyo. State Bar No. 6-3244)
Michael J. McGrady (Wyo. State Bar No. 6-4099)
Jeremiah I. Williamson (Wyo. State Bar No. 7-4748)
Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
(307) 777-6946
(307) 777-3542 *facsimile*
james.kaste@wyo.gov
mike.mcgrady@wyo.gov
jeremiah.williamson@wyo.gov
*Attorneys for Intervenor-Defendant*
*State of Wyoming*