Paul M. Seby
Special Assistant Attorney General
Holland & Hart, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Phone:  (303) 295-8430
Fax:  (303) 291-9177
pmseby@hollandhart.com
*Attorney for Proposed Intervenor – Defendant*
*State of North Dakota*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 1:14-cv-01993-RBW |
| v. | ) ) | |
| SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) | |
| *Defendants,* | ) ) | |
| STATE OF WYOMING, | ) ) | |
| *Intervenor.* | ) | |

## STATE OF NORTH DAKOTA'S REPLY
## TO PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO
## MOTIONS TO INTERVENE BY STATE OF NORTH DAKOTA AND
## WYOMING MINING ASSOCIATION

The State of North Dakota ("North Dakota" or the "State"), by and through undersigned counsel and pursuant to Local Rule of Civil Procedure 7(d), respectfully submits this Reply to Plaintiffs' Consolidated Response in Opposition to Motions to Intervene by State of North Dakota and Wyoming Mining Association.

## INTRODUCTION

On March 9, 2015, Western Organization of Resource Councils and Friends of the Earth (collectively, "Plaintiffs"), filed their Consolidated Response in Opposition to Motions to Intervene by State of North Dakota and Wyoming Mining Association ("Opposition Brief"). Plaintiffs ask the Court to deny North Dakota's request for intervention as of right based on the erroneous contention that North Dakota's interests in this litigation are "minimal" and that harm is "speculative" and that defendant-intervenor State of Wyoming ("Wyoming") can adequately represent North Dakota's interests in this litigation. ECF No. 32 at 5-6. Plaintiffs also request that the Court deny North Dakota's request for permissive intervention, yet never attempt to explain why permissive intervention is improper. Lastly, Plaintiffs request that if the Court permits North Dakota to intervene, several limitations be placed on North Dakota's participation, including filing: (1) joint consolidated motions and memoranda with other Intervenors; and (2) a joint

statement of facts with any potential motion for summary judgment.  ECF No. 32 at 7-8.

All of Plaintiffs' stated reasons for opposing North Dakota's Motion to Intervene are meritless.  Wyoming cannot adequately represent North Dakota's interests in this litigation because North Dakota is a separate sovereign with unique interests in its own lands, natural resources, regulatory programs, and tax and revenue programs.  North Dakota's distinct interest in ensuring that its laws are applied constitutes a sufficient interest for purposes of Fed. R. Civ. P. 24(a).  These are particularized interests that another sovereign state cannot adequately represent.  Furthermore, North Dakota's undisputed financial harm of approximately $2.5 million in annual revenue is neither minimal or speculative.  North Dakota objects to Plaintiffs' efforts to constrain its participation via proposed conditions and strongly prefers to file its own pleadings subject to a condition to confer and avoid duplication.  North Dakota has no objection to filing a joint statement of facts in any future summary judgment motion.

For these reasons and those set forth in North Dakota's Motion to Intervene, North Dakota is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a), or in the alternative, to permissive intervention under Fed. R. Civ. P. 24(b).

# ARGUMENT

## I.  The Court Should Grant North Dakota's Motion to Intervene.

### A.  North Dakota is Entitled to Intervene as of Right.

A party seeking intervention as of right must demonstrate that: (1) its application is timely; (2) it has a cognizable interest in the property or transaction; (3) its interest would be impaired by disposition of the action; and (4) its interests are not adequately represented by existing parties. *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003). Plaintiffs argue that North Dakota has "minimal" interests, that any harm to North Dakota is "speculative," and that Wyoming can adequately represent North Dakota's interests in this litigation. These arguments are meritless because North Dakota has significant and legally cognizable interests in its lands, natural resources, taxation, revenue and regulatory programs, and these interests would be directly impaired should the Court grant the relief Plaintiffs seek and enjoin the federal coal leasing program. Furthermore, Wyoming is a separate and independent sovereign that cannot adequately represent the distinct and unique sovereign interests of North Dakota.

### 1.  North Dakota Has Legally Cognizable Interests that Would Be Impaired by a Ruling Favorable to Plaintiffs.

Plaintiffs erroneously assert that North Dakota's interests in this litigation

are "minimal" and that harm is "speculative."[1] ECF No. 32 at 5. States, as quasi-sovereigns, have interests in the lands within their borders. *Massachusetts v. EPA*, 549 U.S. 497, 519-20 (2007). States' economic interests like collecting tax revenue are also sufficient to warrant intervention under Rule 24(a). *See, e.g.*, *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 6 (D.D.C. 2008) (the interest element was established where the state asserted it could lose the rights to tax and to enforce land use, natural resource management, and environmental and public safety regulations).

North Dakota's interests in the federal coal within its borders are not "minimal." ECF No. 32 at 5. Rather, North Dakota receives approximately $2.5 million in annual coal-related revenue from federal mineral royalty disbursements, federal coal lease bonus and rental payments, and state severance and facilities conversion taxes. ECF No. 17 at 7-8.

Furthermore, North Dakota's harm is not "speculative." If the Court grants Plaintiffs' requested relief, the Bureau of Land Management will be prohibited from accepting or approving any application for a new coal lease or modification in North Dakota to an existing lease pending the multi-year development and completion of a supplemental Programmatic Environmental Impact Statement. As

---

[1] Plaintiffs make these assertions under their argument for why the Court should deny *permissive intervention* pursuant to Fed. R. Civ. P. 24(b). However, cognizable interest and impairment to that interest are factors under the *intervention as of right* test pursuant to Fed. R. Civ. P. 24(a).

a result, no coal leases will be offered for sale in North Dakota, and the State will not be able to collect revenue from these leases. Over 100 million tons of coal have been offered for sale in North Dakota in the past ten years, most recently through a lease in 2010. *See* BLM, Successful Competitive Lease Sales Since 1990, *available at* http://www.blm.gov/wo/st/en/prog/energy/coal_and_non-energy/coal_lease_table/Montana_and_Nebraska_Coal_Table.html. North Dakota has generated significant additional revenue from these leases and will continue to generate revenue as new coal leases are issued. These revenues will be lost if the federal coal leasing program is halted. North Dakota therefore clearly has a cognizable interest in this litigation.

**2.   Intervenor Wyoming Cannot Adequately Represent North Dakota's Interests in This Litigation.**

An intervenor-applicant must show only that representation of its interests by current parties "may be" inadequate. *County of San Miguel, Colo.*, 244 F.R.D. 36, 48 (D.D.C. 2007) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The burden of establishing inadequate representation is "minimal," *id.*, and "not onerous." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). Furthermore, the agreement of two parties on the legal status of a regulation "does not suggest that the parties are in agreement in all respects." Memorandum and Order, *Mayo v. Jarvis*, Civ. No. 14-cv-1751(RC) (D.D.C. Nov. 12, 2014).

Plaintiffs contend that "[a]s a State that derives revenue from federal coal leasing and seeks to intervene in this litigation to protect that revenue stream, Wyoming is identically situated as North Dakota relative to this litigation." ECF No. 32 at 3. This misguided assertion fails to recognize that one state cannot adequately represent another state's sovereign interests in its natural resources or its distinct revenue and regulatory programs.

North Dakota is an independent sovereign with unique interests in its own natural resources and lands. North Dakota manages these resources through administration of the North Dakota surface coal mining and reclamation program ("ND Program") authorized by the federal Surface Mining Control and Reclamation Act of 1977. The North Dakota legislature has also enacted its own laws that enable and implement specific North Dakota severance tax regulations and North Dakota coal facilities conversion tax regulations. *See generally* ECF Nos. 17-1, 17-2, 17-3, 17-4, and 17-5. Each of these regulatory schemes is managed and administered by a variety of North Dakota state agencies. *See generally id.* For example, tax revenue generated from federal coal is collected by the North Dakota Office of State Tax Commissioner and disbursed by the Office of North Dakota State Treasurer for the benefit of North Dakota residents. *See* ECF Nos. 17-4 at 2, 17-5 at 3.

Wyoming has played and will play no role in developing or administering the ND Program or any other North Dakota state law or regulation. Instead, Wyoming is responsible for administering its own separate and distinct program for mining and reclamation and for federal coal in accordance with its state-specific laws. *See* ECF No. 10 at 7-9. Wyoming has authority only to collect taxes within its state and to distribute these taxes only for the benefit of its state citizens. *Id.* at 7-8. Thus, while both states derive revenue from the federal coal program, Wyoming has neither the right nor ability to play a role in administering North Dakota's several and distinct interests related to coal leasing.

For these reasons, North Dakota has met the "minimal" burden of establishing that Wyoming cannot represent the several separate and distinct interests of North Dakota in this litigation. North Dakota is therefore entitled to intervene as of right.

**B.   Alternatively, the Court Should Allow North Dakota to Intervene Permissively.**

The D.C. Circuit requires three showings for permissive intervention under Fed. R. Civ. P. 24(b): "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). North Dakota's Motion to Intervene established each of these elements. ECF No. 17 at 19-22.

Plaintiffs' Opposition Brief contains no explanation to support its claim that the Court should deny North Dakota's request. While Plaintiffs' Opposition includes the correct standard for permissive intervention, as set forth above, Plaintiffs do not contest: (1) the Court's jurisdiction; (2) the timeliness of North Dakota's motion; or (3) that North Dakota has a claim or defense in common with the action. *See* ECF No. 32 at 5-7. Instead, Plaintiffs challenge North Dakota's interests in the litigation—an element under the intervention as of right test pursuant to Fed. R. Civ. P. 24(a)— and assert with no support that the State's interests are "minimal" and its claims of harm are "speculative." ECF No. 32 at 5. North Dakota addressed these meritless positions in Section I.A above.

Plaintiffs also argue that North Dakota's interests "do not relate to the merits of Plaintiffs' claim that the Federal Defendants have failed to comply with the National Environmental Policy Act (NEPA)." ECF No. 32 at 5. Plaintiffs mistakenly state that these interests "would be affected only at the remedy phase of this litigation, if at all." *Id.* Plaintiffs cite no legal support for these statements.

As is the nature of suits for injunctive relief, harm is conditioned on the remedy issued by the court. It is therefore appropriate for the Court to analyze whatever form of relief Plaintiffs request and to "consider whether such a result would harm the interests of the intervenor-applicant." *Cnty. of San Miguel v. MacDonald*, 244 F.R.D. 36, 47 n.16 (D.D.C. 2007). Indeed, the Court regularly

allows parties to intervene on the merits of NEPA claims. *See, e.g.*, *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010).

Here, Plaintiffs ask the Court to issue an injunction:

> ordering BLM not to accept, approve, or otherwise take action with regard to any application for a new lease or to modify an existing lease, now pending or to be filed in the future, unless and until Defendants comply with NEPA and regulations promulgated thereunder.

ECF No. 1 at 66.

Thus, is it wholly appropriate for the Court to consider the impact that requested injunction would have on North Dakota's interests.

## II.   The Court Should Not Impose Any Additional Conditions on North Dakota's Participation in this Case.

If the Court grants North Dakota's Motion to Intervene, Plaintiffs also ask the Court to impose conditions limiting its participation, including filing: (1) joint consolidated motions and memoranda with other Intervenors; and (2) a joint statement of facts with any potential motion for summary judgment. ECF No. 32 at 7-8.

North Dakota seeks to intervene in this case to vigorously defend its several demonstrated interests and assist the Court with the efficient conduct of these proceedings. North Dakota requests that the Court impose only those conditions set forth in its February 26, 2015 Order. *See* ECF No. 29.

North Dakota does not consent to file joint consolidated briefing with Wyoming and other parties that may be granted intervention.  Given the State's distinct sovereign interests discussed herein, North Dakota desires to file its own pleadings subject to a condition to confer and avoid duplication and excess briefing as appropriate.  These independent briefings would enable the Court to best understand the individual arguments of, and potential harm relevant to, each Intervenor.  North Dakota consents to file a joint statement of facts with other Intervenors at the summary judgment stage, provided that North Dakota can independently submit any facts upon which all Intervenors do not agree.

For these reasons, North Dakota respectfully requests that the Court reject the restrictions imposed by Plaintiffs and instead implement the conditions set forth in Judge Kollar-Kotelly's December 6, 2010 Order.

## CONCLUSION

For the reasons set forth above, North Dakota respectfully requests that the Court grant its Motion to Intervene as a defendant-intervenor as of right, or in the alternative as a permissive intervenor, and impose no restrictions on participation in addition to those imposed on defendant-intervenor State of Wyoming.

11

Respectfully submitted this 16th day of March, 2015.

/s/ *Paul M. Seby*

Paul M. Seby  (Colo. State Bar No. 27487)
Special Assistant Attorney General
Holland & Hart, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Phone:  (303) 295-8430
Fax:  (303) 291-9177
pmseby@hollandhart.com

Lauren R. Caplan  (D.C. Bar No. 1009499)
Special Assistant Attorney General
Holland & Hart, LLP
975 F Street NW, Suite 900
Washington, D.C. 20004
Phone:  (202) 654-6919
Fax:  (202) 747-6520
lrcaplan@hollandhart.com

**ATTORNEYS FOR PROPOSED
DEFENDANT-INTERVENOR
STATE OF NORTH DAKOTA**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing is being filed with the Clerk of the

Court using the CM/ECF system, thereby serving it on all parties of record, this

16th day of March, 2015.


/s/ *Lauren R. Caplan*
Lauren R. Caplan  (D.C. Bar No. 1009499)
Special Assistant Attorney General
Holland & Hart, LLP
975 F Street NW, Suite 900
Washington, D.C. 20004
Phone:  (202) 654-6919
Fax:  (202) 747-6520
lrcaplan@hollandhart.com

**ATTORNEY FOR PROPOSED**
**DEFENDANT-INTERVENOR**
**STATE OF NORTH DAKOTA**