Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1621
Fax: (866) 711-8046
acemrich@hollandhart.com

*Attorney for Proposed Intervenor – Defendant Wyoming Mining Association*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH,<br><br>*Plaintiffs*,<br><br>v.<br><br>SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT,<br><br>*Defendants*,<br><br>STATE OF WYOMING,<br><br>*Intervenor.* | Case No. 1:14-cv-01993-RBW |

**WYOMING MINING ASSOCIATION'S REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO MOTIONS TO INTERVENE BY THE STATE OF NORTH DAKOTA AND WYOMING MINING ASSOCIATION**

Pursuant to Local Rule 7(d) of this Court, Intervenor-Applicant Wyoming Mining Association ("WMA") submits this Reply to the Plaintiffs' Consolidated Response in Opposition to Motions to Intervene by State of North Dakota and WMA. WMA will only address Plaintiffs' arguments as they relate to WMA's intervention motion.

Despite Plaintiffs' representations to WMA and the Court that it took no position on WMA's Motion to Intervene, Plaintiffs now launch an after-the-fact opposition to WMA's intervention. And while Plaintiffs have asked this Court to shut-down all federal coal leasing on public lands until the Bureau of Land Management ("BLM") prepares an extensive programmatic environmental impact statement, Plaintiffs have the temerity to argue that WMA's coal members—companies whose very livelihood depends on this leasing—have only a speculative interest in this case. Moreover, while Plaintiffs discuss at length the administrative burden of responding to multiple parties (ECF No. 32 at 2, 5, 7-9), it is Plaintiffs who have burdened this Court and prospective parties by a filing a frivolous opposition to intervention motions filed by entities that have an undisputable interest in this case.

Plaintiffs alternatively seek to impose unnecessary restrictions on WMA and the other intervenors in the event the Court grants WMA's pending intervention motion. For the reasons set forth below, WMA respectfully requests that the Court

grant WMA's Motion to Intervene and deny Plaintiffs' request that WMA, the State of Wyoming, and the State of North Dakota submit joint motions and briefs in this case.

## I. WMA is Entitled to Intervene as of Right Because WMA's Interests Will Not be Adequately Protected by the Federal Defendants or the State of Wyoming.

As explained in WMA's Memorandum in Support of its Unopposed Motion to Intervene as a Defendant (ECF No. 22 at 3), a party is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a) upon satisfying the following requirements: (1) timeliness; (2) cognizable interest; (3) impairment of interest; and (4) lack of adequate representation. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). Plaintiffs do not dispute that WMA has satisfied the first three requirements for intervention as of right. *See* Plaintiffs' Consolidated Response ("Plaintiffs' Resp.") (ECF. No. 32) at 3-4. Plaintiffs' sole basis for contesting WMA's intervention as a matter of right is that WMA's interests will be adequately represented by the State of Wyoming, which was recently granted intervention in this matter. *See* February 18, 2015 Minute Order. However, as demonstrated in WMA's Memorandum and supporting declaration of WMA's Executive Director Jonathan Downing ("Downing Declaration"), governmental entities such as Federal Defendants and the State of Wyoming cannot adequately

represent the interests of private corporations or professional associations, such as WMA.

The burden to demonstrate that an existing party does not adequately represent an intervenor-applicant's interest is *de minimus*. *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010) (burden "extends only to showing that there is a possibility that its interests may not be adequately represented absent intervention"); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10(1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

Courts, including those in this district, have permitted intervention in cases where the interests of the parties requesting intervention were far more aligned than the intervenor-applicants in this case. *See, e.g., WildEarth Guardians v. Salazar*, No. 10-1133, ECF No. 22 (Sept. 20, 2010) (permitting intervention of two trade organizations in an action against BLM for unreasonable delay of agency action). It is also well-established that "governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals*, 322 F.3d at 736; *WildEarth Guardians*, 272 F.R.D. at 17; *see also Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 971 (3d Cir. 1998) ("[t]he reality is that NEPA cases frequently pit private, state, and federal interests against each other").

As Plaintiffs recognize, governmental entities generally cannot represent the more targeted financial interests of a private party that is not burdened with the responsibility of balancing multiple competing public interests.  *See* Plaintiffs' Resp. at 4 (recognizing Federal agencies' roles in representing the interests of the American people).  The Federal Defendants and the State of Wyoming are faced with representing the interests of American citizens and Wyoming citizens, respectively.  Plaintiffs' attempt to narrowly construe Wyoming's stated interest in revenues derived from coal leasing as strictly a financial interest ignores the function of the state's revenues—which provide public services and benefits to the citizens of the state.  *See* Wyoming's Memorandum in Support of Unopposed Motion to Intervene at 6 ("Wyoming's Intervention Motion") (ECF No. 10) (Wyoming "uses these revenues to fund state programs, cities, counties, public schools and colleges, and water and highway infrastructure projects.").

Finally, Plaintiffs wholly disregard the State of Wyoming's role as the primary regulator of coal production within its boundaries.  *See* Wyoming's Intervention Motion, at 6-7 (ECF No. 10).  *See also* Wyo. Stat. Ann. §§ 35-11-401 through 35-11-437; Wyo. Admin. Code § ENV LQC, Ch. 1-20; State-Federal Cooperative Agreement, 59 Fed. Reg. 3520 (Jan. 24, 1994), *codified at* 30 C.F.R. § 950.20.  WMA's private coal company members' ("Coal Members") development of federal coal reserves under the State of Wyoming's regulatory authority is yet

another reason why the State of Wyoming cannot adequately represent its interest in this litigation. *WildEarth Guardians*, 272 F.R.D. at 20 (recognizing divergence of interests between private coal companies and State of Wyoming because of Wyoming's "unique role in regulating coal mining operations").

Accordingly, although WMA and Wyoming share the common concern of ensuring continued federal coal leasing and operations within the State, the parties interests diverge from there. *See WildEarth Guardians*, 272 F.R.D. at 17 (allowing intervention of a trade organization in a suit challenging BLM approval of a lease application because the State of Wyoming could not adequately represent the trade organization's "more narrow and parochial financial interest"). In sum, courts have categorically rejected Plaintiffs' assertion that the interests of the State of Wyoming and WMA are "entirely aligned." *See* Plaintiffs' Resp. at 4.

Unlike the State of Wyoming, WMA's objectives focus on protecting the investments and operations of its various Coal Members. *See* Downing Declaration at ¶¶ 8-11. The suspension of the federal coal leasing program will interfere with the Coal Members' substantial investments in pending lease by application ("LBA") and lease by modification ("LBM") applications which are in various stages of BLM review and approval. *Id*. at ¶ 10. Such relief would also interfere with the consideration of any future applications. *Id.* Contrary to Plaintiffs' assertion, the potential for this monumental disruption to the federal coal

program is far from speculative: it is found in the plain language of Plaintiffs' complaint where Plaintiffs specifically requested an injunction that would suspend the Coal Members' pending applications and prevent BLM from approving any new applications.  *See* Complaint at 66 (ECF No. 1).

WMA's Coal Members rely on these LBA and LBM applications in order to plan and continue their operations and to extend the lives of existing mines. Downing Declaration at ¶ 13.  Any delay or disruption of their LBA and LBM applications would have far-reaching consequences for WMA's Coal Members, including the disruption of coal production and requiring Coal Members to engage in the time-consuming and costly regulatory process of obtaining modifications to approved mining plans or mining permits.  *Id.* at ¶ 14-15.  Moreover, any delay or uncertainty in the federal coal leasing program would disrupt the Coal Members' ability to plan for future mining operations.  Such planning is critical for Coal Members' continued operations because LBAs and LBMs must undergo a time-consuming, multi-step regulatory approval process before any on-the-ground mining operations can occur.

Thus, WMA's interests differ greatly from the State of Wyoming's interests and cannot be adequately protected by the State of Wyoming's representation in this matter.  WMA has more than satisfied its *de minimus* burden and the Court should allow WMA to intervene as of right in this action.

## II. In the Alternative, the Court Should Grant WMA Permissive Intervention in this Action.

Plaintiffs also ask the Court to deny WMA permissive intervention. Although Plaintiffs refer to the proper legal standard, Plaintiffs argument is entirely devoid of any discussion of the applicable factors for permissive intervention. *See* Plaintiffs' Resp. at 5-7. Instead, Plaintiffs argument focuses exclusively on conclusory assertions that WMA's interests are "minimal" and "highly speculative." *Id.* at 5. But, as it relates to WMA's interests, Plaintiffs' analysis is limited to a single sentence. Plaintiffs' bare conclusions are insufficient to defeat WMA's request for permissive intervention.

WMA's interest in the outcome of this litigation is far from minimal. *See* Memorandum in Support of its Unopposed Motion to Intervene as a Defendant at 4-9. WMA's interests are exactly those which are being attacked in this litigation. Plaintiffs seek injunctive relief from the Court:

> ordering BLM not to accept, approve, or otherwise take action with regard to any application for a new lease or to modify an existing lease, now pending or to be filed in the future, unless and until Defendants comply with NEPA and regulations promulgated thereunder.

Complaint at 66 (ECF No. 1). Such relief, if granted, would suspend the federal coal leasing program pending BLM's preparation of an expansive national programmatic environmental impact statement—a process that would undoubtedly

take several years to complete.  As discussed *supra* at 6-7, Plaintiffs' requested relief would seriously impair the operations, investments, and financial interests of WMA's Coal Members.

Moreover, Plaintiffs argue that intervention should be denied because WMA's interests are only implicated at the remedy stage of the litigation if the Court grants Plaintiffs' requested injunctive relief, and not by the merits of Plaintiffs' NEPA claims.  Plaintiffs provide no authority to support this proposition.  On the contrary, in a case where the requested relief "would immediately impair the intervenor-applicants' members economic interests," a court has held that because "the plaintiffs chose to seek [a particular form of] relief" the court " must consider whether such a result would harm the interests of the intervenor-applicants." *Cnty. of San Miguel v. MacDonald*, 244 F.R.D. 36, 47 n.16 (D.D.C. 2007).  Similarly, this Court must evaluate whether Plaintiffs' requested relief—including a nationwide injunction prohibiting <u>any</u> new coal lease—would impair the interests of WMA and its Coal Members.  As described above, and in WMA's original intervention motion, WMA's interests will undoubtedly be impaired if Plaintiffs' request for an injunction is granted.

Accordingly, WMA should be allowed permissive intervention to weigh in on the merits of Plaintiffs' NEPA claims, in support of the Federal Defendants. WMA's intervention would allow it to contribute to the Court's understanding of

the federal coal leasing program, the LBM and LBA processes, and how NEPA compliance has been historically achieved on leasing decisions involving WMA's Coal Members.

The D.C. Circuit and its constituent district courts routinely allow intervening parties to participate at the merits stage of challenges to federal agencies' NEPA decisions.  *See, e.g., WildEarth Guardians*, 272 F.R.D at 13; *Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d 10, 18 (D.D.C. 2000).  Even the Ninth Circuit—a distinct outlier among the federal circuit courts in applying its previous "federal defendant" rule—recently reversed itself to hold that private parties may intervene on the merits of NEPA cases.  *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (en banc) ("we no longer see any principled reason to categorically prohibit intervention of right on the merits of NEPA actions").  Therefore, WMA's participation on the merits of Plaintiffs' NEPA claims is proper.

### III.    WMA Objects to Plaintiffs' Request for Additional Restrictions Beyond those Imposed by the Court on the State of Wyoming.

Plaintiffs ask the Court to impose the same conditions on WMA as those imposed upon the State of Wyoming in the Court's February 26, 2015 Order (ECF No. 29).  WMA does not object to complying with these conditions as part of its participation in this litigation.  In addition, as represented in the State of

Wyoming's Response to the Court's Order to Show Cause, WMA agrees to be subject to the conditions and restrictions set forth in Judge Kollar-Kotelly's December 6, 2010, Order in *WildEarth Guardians v. Jewell*, No. 10-cv-1174 (ECF No. 38).

However, WMA objects to Plaintiffs' proposed additional restrictions requiring all Intervenors to file joint consolidated motions and memoranda. Plaintiffs' Resp. at 2. As the various motions to intervene demonstrate, each Intervenor represents diverse interests and will accordingly make distinct arguments in furtherance of those interests. While the intervening parties will undoubtedly collaborate and may well file joint briefing where it is in their collective interests to do so, each intervenor should have the latitude to file a separate brief where appropriate. As amply explained by the State of Wyoming, Judge Kollar-Kotelly's intervention order in *WildEarth Guardians v. Jewell* strikes the appropriate balance between efficiency and respect for the unique interests of each intervenor.

With respect to filing a joint statement of facts with references to the administrative record in accordance with Local Rule 7(h)(2), WMA understands the Court's desire for judicial economy and unnecessary duplication and therefore agrees to collaborate with the other Intervenors in filing a joint statement of facts,

while reserving the right to identify particular facts upon which the Intervenors cannot agree.

Finally, as evidenced by Plaintiffs' reference to numerous cases in which intervention was permitted, WMA's participation in this litigation will not result in an unnecessary and needless duplication of efforts. Plaintiffs' Resp. at 8. As noted in the State of Wyoming's Response to Order to Show Cause (ECF No. 27 at 6), WMA similarly agrees to work collaboratively with the other Intervenors wherever possible. Accordingly, WMA requests that the Court adopt the reasonable restrictions set forth in Judge Kollar-Kotelly's December 6, 2010, Order in *WildEarth Guardians v. Jewell,* No. 10-cv-1174 (ECF No. 38) in lieu of the restrictions requested by the Plaintiffs.

## CONCLUSION

WMA's participation in this litigation will provide the Court with the unique perspective of a highly representative subset of key stakeholders—WMA's coal members—which include the largest coal producers in the United States. The Court should grant WMA's motion to intervene as of right pursuant to Fed. Rule Civ. P. 24(a)(2), or alternatively, the Court should grant permissive intervention pursuant to Fed. Rule Civ. P. 24(b). In addition, the Court should deny Plaintiffs' request to impose additional restrictions on Intervenors beyond those described in the Court's February 26, 2015 Order.

Respectfully submitted this 16th day of March, 2015.

/s/ *Andrew C. Emrich*
Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle
Suite 500
Greenwood Village, CO 80111
Phone:  (303) 290-1621
Fax:  (866) 711-8046
acemrich@hollandhart.com

**ATTORNEY FOR DEFENDANT-INTERVENOR APPLICANT WYOMING MINING ASSOCIATION**

# CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record, this 16th day of March, 2015.

                              /s/ *Andrew C. Emrich*
                              Andrew C. Emrich (D.C. Bar No. 1011869)
                              Holland & Hart, LLP
                              6380 South Fiddler's Green Circle
                              Suite 500
                              Greenwood Village, CO 80111
                              Phone:  (303) 290-1621
                              Fax:  (866) 711-8046
                              acemrich@hollandhart.com

                              **ATTORNEY FOR DEFENDANT-INTERVENOR APPLICANT WYOMING MINING ASSOCIATION**