Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
Phone:  (303) 290-1621
Fax:  (866) 711-8046
acemrich@hollandhart.com

*Attorney for Intervenor – Defendant*
*Wyoming Mining Association*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, <br><br>*Plaintiffs*, <br><br>v. <br><br>SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, <br><br>*Defendants*, <br><br>THE STATE OF WYOMING, THE STATE OF NORTH DAKOTA, WYOMING MINING ASSOCIATION, <br><br>*Intervenor-Defendants.* | Case No. 1:14-cv-01993-RBW |

### WYOMING MINING ASSOCIATION'S MOTION TO DISMISS

The Wyoming Mining Association ("WMA") respectfully moves the Court to dismiss the Plaintiffs' complaint with prejudice for failing to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). In support of this motion, WMA has concurrently filed a memorandum of law and a proposed order.

Respectfully submitted this 24th day of July, 2015.

/s/ *Andrew C. Emrich*
Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle
Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1621
Fax: (866) 711-8046
acemrich@hollandhart.com

**ATTORNEY FOR DEFENDANT-INTERVENOR WYOMING MINING ASSOCIATION**

Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
Phone:  (303) 290-1621
Fax:  (866) 711-8046
acemrich@hollandhart.com

*Attorney for Intervenor – Defendant*
*Wyoming Mining Association*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, <br><br>*Plaintiffs*, <br><br>v. <br><br>SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, <br><br>*Defendants*, <br><br>THE STATE OF WYOMING, THE STATE OF NORTH DAKOTA, WYOMING MINING ASSOCIATION, <br><br>*Intervenor-Defendants.* | Case No. 1:14-cv-01993-RBW |

**WYOMING MINING ASSOCIATION'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

By Order dated July 15, 2015, the Court granted Wyoming Mining Association's ("WMA") Unopposed Motion to Intervene. ECF No. 37. In that same Order, the Court permitted WMA to file a Rule 12(b)(6) motion to dismiss but imposed limitations on the length and content of WMA's motion, including the limitation to avoid arguments and legal citations redundant to those already raised in previously filed motions to dismiss. *Id.* at 14-15 & n.12. Consistent with the Court's Order, and as further described below, WMA respectfully joins in the motions to dismiss previously filed by the Federal Defendants (ECF No. 13-1) and the State of Wyoming (ECF No. 30).[1]

## INTRODUCTION

In the interest of avoiding redundancy, WMA incorporates by reference the Introduction, Legal Background, and Standard of Review sections contained in Federal Defendants' Motion to Dismiss. ECF No. 13-1 at 2-7. [2]

## ARGUMENT

Pursuant to Fed.R.Civ.P. 12 (b)(6), WMA respectfully moves for dismissal *with prejudice* of Plaintiffs' claims, brought pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the

---

[1] Because the Court's July 15, 2015 Order denied without prejudice the State of North Dakota Motion to Dismiss (ECF No. 18) and North Dakota has not yet re-filed its motion, WMA cannot at this time join in the arguments and points of law raised by North Dakota.

[2] Where WMA cites to a page in a previously filed brief, WMA incorporates by reference the legal argument as well as the cited legal authority.

2

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Dismissal is required because (1) Plaintiffs have failed to identify any final agency action challenged under section 706(2)(a) of the APA; and (2) Plaintiffs have failed to identify a mandatory duty on Federal Defendants to perform a discrete act as required by section 706(1) of the APA and *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("*SUWA*").

I.  **Plaintiffs Fail to Challenge a Final Agency Action as Required by APA Section 706(2).**

As described by Federal Defendants, section 706(2) of the APA provides that Plaintiffs may only bring a challenge to a *final* agency action. ECF No. 13-1 at 7-8. However, Plaintiffs' Complaint does not challenge any specific final agency action, whether that be a coal leasing decision or a NEPA decision. *Id.* at 8. Nor does Plaintiffs' Complaint challenge any particular final agency action taken under the "federal coal management program"—whether that term is defined (a) broadly as Plaintiffs and Federal Defendants contend to encompass all current federal statutes and regulations governing the leasing and regulation of federal coal, *see* Complaint, ECF No. 1 at ¶ 3 and ECF No. 13-1 at 2-3; or (b) narrowly as Wyoming contends to encompass only the unused regional leasing program, ECF No. 30 at 6. Regardless of how the national coal management program is defined, Plaintiffs have failed to identify any action under the program that would be subject to challenge at this time. *See* ECF No. 13-1 at 8-9; ECF No. 30 at 20.

3

Accordingly, Plaintiffs fail to state a claim for relief under section 706(2) of the APA.

## II. Plaintiffs Fail to Allege that Federal Defendants Failed to Undertake a Mandatory Legal Duty as Required by APA Section 706(1).

As Federal Defendants explain, section 706(1) of the APA authorizes a court to compel agency action unlawfully withheld or unreasonably delayed. ECF No. 13-1 at 9. However, to state a claim under section 706(1), the Plaintiffs must demonstrate that the agency failed to take a "discrete agency action that it is required to take." *Id.* (quoting *SUWA*, 542 U.S. at 64).

Plaintiffs have failed to meet this standard. *Id.* at 10; *see also* ECF No. 30 at 23-24. Federal Defendants have no duty to supplement the 1979 programmatic Environmental Impact Statement ("1979 EIS"). *Id.* Federal Defendants contend that the 1979 EIS was prepared for the purpose of evaluating the environmental impacts of the 1979 proposed regulations that created the regional leasing program and the lease-by-application program. ECF No. 13-1 at 2. Therefore, because BLM has not proposed to amend those regulations, NEPA's mandate to supplement environmental analysis for "proposed actions" if "new circumstances or new information" becomes available does not apply. *Id.* at 10. Further, under Wyoming's theory that the 1979 EIS was prepared to evaluate the regional leasing program only, as the preferred alternative at the time, there is doubly no duty to

prepare supplemental NEPA analysis because there can be no "proposed action" under the obsolete regional leasing program.  *See* ECF No. 30 at 20.

In opposition to Federal Defendants' Motion to Dismiss and Wyoming's Motion to Dismiss, Plaintiffs contend that the federal coal management program is an "ongoing" or "continuing" federal action subject to NEPA's supplementation requirements because Federal Defendants continue to manage existing federal coal leases and issue new federal coal leases.  ECF No. 15 at 14-15; ECF No. 35 at 16-17, 19.   Plaintiffs' cited case law, however, does not support their strained theory that the federal coal leasing program, which applies existing lease-by-application regulations, amounts to an ongoing federal action requiring NEPA supplementation.  ECF No. 28 at 4-7.

On the contrary, the lease-by-application process now utilized by BLM underscores the propriety of the individualized, site-specific NEPA analysis BLM now employs.  WMA's members' leasing activities are all governed by the lease-by-application process, under which WMA's members nominate tracts for leasing as their need for additional coal arises.  *See* Declaration of Jonathan Downing, ECF No. 22-1 at ¶¶ 9-10, 13-17.[3]  Unless and until coal lessees submit applications,

---

[3] WMA members currently have lease-by-application approvals pending before BLM.  *See e.g.,* BLM's Powder River Basin Coal Lease-By-Application website: http://www.blm.gov/wy/st/en/programs/energy/Coal_Resources/PRB_Coal/lba_title.html (last visited July 23, 2015).

BLM can only speculate as to the demand for coal at any given point in time. Accordingly, the requested supplementation of the 1979 EIS, to evaluate "the effect on climate change of greenhouse gas emissions resulting from the federal coal management program" (Complaint, ECF No. 1 at ¶ 9), would be a speculative and hypothetical exercise.  *See* ECF No. 30 at 24.  Or at the very least, supplementation of the 1979 EIS to consider the cumulative effects of climate change from past leasing decisions would be a retroactive analysis not required by NEPA.  *See Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 371 (1989).

Federal Defendants properly evaluate their decision to issue new federal coal leases, under the lease-by-application regulations, by utilizing site-specific NEPA analyses.  Federal Defendants have no mandatory duty to supplement the 1979 EIS with Plaintiffs' requested climate change analysis.   Accordingly, Plaintiffs fail to state a claim for relief under section 706(1) of the APA.

## CONCLUSION

For the foregoing reasons, and the reasons cited in Federal Defendants' and Wyoming's Motions to Dismiss incorporated herein, WMA respectfully moves the Court to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted this 24th day of July, 2015.

/s/ *Andrew C. Emrich*
Andrew C. Emrich (D.C. Bar No. 1011869)
Holland & Hart, LLP
6380 South Fiddler's Green Circle
Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1621
Fax: (866) 711-8046
acemrich@hollandhart.com

**ATTORNEY FOR DEFENDANT-INTERVENOR APPLICANT WYOMING MINING ASSOCIATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS and FRIENDS OF THE EARTH, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:14-cv-01993-RBW |
| v. | ) ) | |
| SALLY JEWELL, in her capacity as Secretary of the Interior, DEPARTMENT OF THE INTERIOR, NEIL KORNZE, in his capacity as Director, Bureau of Land Management, BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) ) ) | |
| *Defendants*, | ) ) | |
| THE STATE OF WYOMING, THE STATE OF NORTH DAKOTA, WYOMING MINING ASSOCIATION, | ) ) ) ) | |
| *Intervenor-Defendants.* | ) ) | |

## [PROPOSED] ORDER GRANTING WYOMING MINING ASSOCIATION'S MOTION TO DISMISS

This matter comes before the Court on Wyoming Mining Association's ("WMA") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds that Plaintiffs failed to (1) identify any final agency action

1

challenged under section 706(2)(a) of the Administrative Procedure Act ("APA)";

or (2) identify a mandatory duty on Federal Defendants to perform a discrete act as required by section 706(1) of the APA and *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("SUWA").  Accordingly, Plaintiffs have stated no claim upon which relief may be granted.

The Court hereby grants WMA's Motion to Dismiss and dismisses Plaintiffs' Complaint with prejudice.

Dated this ___ day of _____, 2015.

_____
District Judge

**List of Parties to Be Notified of Order**

Richard E. Ayres
Jessica L. Olsen
John H. Bernetich
Ayres Law Group LLP
1707 L Street NW, Suite 850
Washington, DC 20036
ayresr@ayreslawgroup.com
Counsel for Plaintiffs

John S. Most
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663
john.most@usdoj.gov
Counsel for Defendants

Michael J. McGrady
Jeremiah I. Williamson

2

Wyoming Attorney General's Office
123 State Capitol
Cheyenne, Wyoming 82002
jeremiah.williamson@wyo.gov
Counsel for Intervenor-Defendant State of Wyoming

Paul M. Seby
Special Assistant Attorney General
Holland & Hart, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
pmseby@hollandhart.com
Counsel for Prospective Intervenor-Defendant State of North Dakota

Lauren R. Caplan
Special Assistant Attorney General
Holland & Hart, LLP
975 F Street NW, Suite 900
Washington, D.C. 20004
lrcaplan@hollandhart.com
Counsel for Prospective Intervenor-Defendant State of North Dakota

7930173_3